

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 16, 2019

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: *United States v. Daniel Ramos*, 18 Cr. 852 (AT)

Dear Judge Torres:

The Government respectfully submits this letter in advance of sentencing in this matter, currently scheduled for May 23, 2019 at 12 p.m., and in response to the Defendant's submission, dated May 10, 2019 ("Def. Ltr."). As set forth in the Final Presentence Investigation Report dated April 8, 2019 ("PSR"), the applicable Guidelines range is 84 to 105 months' imprisonment (the "Guidelines Range"). For the reasons explained below, the Government submits that a sentence within the applicable Guidelines Range would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

**A. Factual Background**

Daniel Ramos (the "Defendant") was arrested on April 27, 2018 in connection with his possession a defaced handgun and narcotics packaged for distribution. Specifically, during the course of investigating a strong smell of marijuana emanating from a building in the Bronx, New York, law enforcement officers observed a white bag being thrown from a basement apartment window. PSR ¶ 9. The bag was recovered by law enforcement, and found to contain a defaced 9-millimeter caliber semi-automatic pistol; one ammunition magazine containing eleven 9-millimeter cartridges; 37 sheets of folded tin foil each containing cocaine; and 262 zip-lock plastic bags each containing marijuana. PSR ¶ 13. The total aggregate weight of the cocaine recovered was approximately 10.8 grams, and the total aggregate weight of marijuana recovered was approximately 336.1 grams. *Id.*

After recovering the bag, law enforcement officers secured the basement apartment from which the bag had been thrown. After obtaining a search warrant and an hours-long standoff, law enforcement agents forcibly entered the basement apartment and arrested the Defendant, who was the sole individual inside the apartment. PSR ¶ 12.

On May 17, 2018, the Defendant was charged by criminal Complaint. Dkt. 1. On May 30, 2018, the Defendant was presented in this matter. He has remained in federal custody since that

time.  On November 28, 2018, an Information was filed.  Dkt. 12.  On January 16, 2019, a Superseding Information was filed.  Dkt. 18.

## B.  The *Plea Agreement*, PSR, and the Defendant's Submission

On January 16, 2019, the Defendant pleaded guilty before Your Honor, pursuant to a plea agreement, to Counts One and Two of the Superseding Information, charging the Defendant with possession of a defaced firearm, in violation of Title 18, United States Code, Sections 922(k) and 2, and possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

Consistent with the plea agreement, the United States Probation Office ("Probation") calculates the applicable range under the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") as 84 to 105 months' imprisonment, based on an offense level of 25 and a criminal history category of IV.  PSR ¶ 85.  Probation recommends a within-Guidelines sentence of 84 months' imprisonment.  *Id.* at 21–23.  The Defendant does not dispute the Guidelines calculation. Def. Ltr. at 1.  In his submission, the Defendant argues that he should receive a below-Guidelines sentence of 48 months' imprisonment for various reasons, including the Defendant's mental health issues, and the financial instability and lack of employment prospects that led him to return to criminal conduct.  For the reasons that follow, the Government respectfully submits that a sentence within the Guidelines Range is appropriate in this case.

## C.  Discussion

### 1.  Applicable Law

As the Court is aware, the Sentencing Guidelines provide guidance to sentencing courts following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005).  Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall* v. *United States*, 128 S. Ct. 586, 594 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings.  *Id.* at 596.  After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a), which include the nature and circumstances of the offense, the individual characteristics of the defendant, and the need to adequately deter criminal conduct and promote respect for the law.  *Id.* at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B)  to afford adequate deterrence to criminal conduct;
> (C)  to protect the public from further crimes of the defendant; and

(D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

## 2.   A Sentence Within the Guidelines Is Appropriate in This Case

The sentencing factors applicable here require, among other things, balancing the mitigating individual characteristics of the Defendant, with the nature and seriousness of the offense and the need to deter further crimes by the Defendant.  These considerations weigh in favor of a sentence that is within the Guidelines Range.

*First*, the Defendant's conduct created a significant risk for a serious breach of the peace. Possessing a firearm in the context of narcotics distribution creates a manifest and unacceptable risk of devastating violence.  Disputes over drug turf, for example, run the risk of dramatic escalation and irreversible consequences, to participants, innocent bystanders, and law enforcement, once a firearm is introduced into the volatile mix.  That risk of violence is all the more concrete for this defendant, whose criminal history includes the discharge of a firearm in connection with a drug trafficking offense.  PSR ¶ 15.

*Second*, the Defendant's sentence should be calibrated to adequately deter the Defendant and others.  The Defendant is a repeat offender, who served 66 months in prison before being sentenced to time served in connection with his prior federal conviction.  The Defendant's sentence in this case must be calibrated to deter him from once again returning to criminal conduct after his release, and to deter others from employing firearms in connection with their other criminal activities, thereby endangering themselves and the community at large.

The Government acknowledges the various mitigating circumstances described in the PSR and the defense submission, including the Defendant's history of mental health problems, his lack of formal education, and the financial instability that ultimately led to the Defendant's return to drug dealing.

However, the extent of the mitigation is limited by other factors.  While it is certainly unfortunate (as presented by the defense submission) that the Defendant was prevented during the course of his prior term of supervised release from maintaining employment he had acquired as a bouncer, it is highly improbable that being a bouncer was the only opportunity for legitimate employment that could have been obtained by the Defendant, especially if the Defendant had sought the assistance of the Probation Department in obtaining employment or seeking to develop vocational skills.  Moreover, the defense submission does not identify any steps that the Defendant has taken during the period of incarceration in this case to better position himself upon release, whether through (to the extent available at his current facility) educational classes towards a GED, vocational training, mental health or anger management counseling, or the like.  The Defendant's sentence should provide him with sufficient time to engage in such programs so that he is better positioned to reintegrate into the community in a law-abiding way upon his release.

In sum, a sentence within the Guidelines Range would adequately balance the various considerations under § 3553(a) and achieve the statute's stated objectives.

**D.  Conclusion**

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence within the applicable Guidelines Range of 84 to 105 months' imprisonment.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____
Brett M. Kalikow
Assistant United States Attorney
(212) 637-2220

cc:    Camile Abate, Esq. (by ECF)
       USPO Paul Hay, United States Probation Office (by e-mail)