UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

DANIEL RAMOS,
    a/k/a "Danny Ramos,"

                   Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/4/2020____

18 Cr. 852 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       Daniel Ramos, a prisoner serving his sentence at FCI Schuylkill, moves for a reduction of his term of imprisonment under the federal compassionate release statute, codified at 18 U.S.C. § 3582(c)(1)(A).  Def. Letter, ECF No. 33.  For the reasons stated below, Ramos' motion is GRANTED.

## BACKGROUND

       On January 16, 2019, Ramos pleaded guilty to one count of Possession of a Defaced Firearm in violation of 18 U.S.C. § 922(k) and one count of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(C).  ECF No. 20.  On May 29, 2020, the Court sentenced him to 48 months' imprisonment and three years' supervised release.  ECF No. 28.  Ramos suffers from obesity, human immunodeficiency virus, and, as a manifestation of the latter, sinus bradycardia, which caused him to experience a cardiac episode. Def. Letter at 1; Def. Reply at 3, ECF No. 36.  Obesity puts him at "increased risk of severe illness" from the COVID-19 virus.  *See* Gov't Letter at 3, ECF No. 35; *Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, Ctrs. for Disease Control and Prevention (Oct. 16, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.  In fact, in early October, the Centers for Disease Control and Prevention (the "CDC") updated their website to reflect "recent data

supporting" the increased risk of severe illness from the COVID-19 virus among adults who are obese. *Id.*

On May 21, 2020, Ramos submitted a request for compassionate release to FCI Schuylkill's warden, who denied it on June 12, 2020. *See* ECF No. 33-2. On August 27, 2020, Ramos filed a *pro se* request for compassionate release. ECF No. 31. On October 16, 2020, Ramos supplemented his application, moving this Court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the COVID-19 pandemic. Def. Letter at 1.

## DISCUSSION

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)    extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Thus, in order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), Ramos must meet the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence. The Court should also consider the factors listed in 18 U.S.C. § 3553(a), which, as applicable here, include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]

(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct; [and]
    (C) to protect the public from further crimes of the defendant . . . .

18 U.S.C. § 3553(a).

The Government concedes, and the Court agrees, that Ramos has exhausted his administrative remedies.  Gov't Letter at 3.  Therefore, the Court only addresses whether Ramos has stated an extraordinary and compelling reason for release, and whether that reason is outweighed by the § 3553(a) factors.

I.    <u>Extraordinary and Compelling Reasons for Release</u>

The Court finds, and the Government does not dispute, that Ramos has set forth "extraordinary and compelling reasons" to modify his sentence.  18 U.S.C. § 3582(c)(1)(A)(i); Gov't Letter at 3.  Ramos' medical condition, combined with the risk in FCI Schuylkill posed by COVID-19, clears the high bar set by § 3582(c)(1)(A)(i).

The authority to define "extraordinary and compelling reasons" has been granted to the United States Sentencing Commission, which has defined that term at U.S.S.G. § 1B1.13, cmt. n.1.  *See United States v. Ebbers*, No. 02 Cr. 11443, 2020 WL 91399, at *4–5 (S.D.N.Y. Jan. 8, 2020).  The definition, as relevant, states that extraordinary and compelling reasons for modification exist where "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).  The CDC has explained that people of any age who have serious underlying medical conditions, including heart conditions and obesity, are at higher risk for

3

severe illness from COVID-19. *People with Certain Medical Conditions*, Ctrs. for Disease Control and Prevention, *supra*. Ramos' obesity, combined with his sinus bradycardia and human immunodeficiency virus, satisfy that requirement. Given that inmates at FCI Schuylkill live in close quarters, social distancing is impracticable if not impossible, making it difficult for Ramos to protect himself from the spread of this dangerous and highly contagious virus. Def. Letter at 3–4; Def. Reply at 2.

Other courts have granted applications for sentence reduction pursuant to § 3582(c) under similar circumstances, finding that the combination of underlying health conditions and incarceration can "compound[] the risk COVID-19 poses to [a defendant], placing [the defendant] in particularly grave danger." *United States v. Gross*, No. 15 Cr. 769, 2020 WL 1673244, at *1 (S.D.N.Y. Apr. 6, 2020) (deferring a decision on compassionate release to an incarcerated person who is "severely overweight and suffers from high blood pressure and sleep apnea," on other grounds, and later granting the motion, *United States v. Gross*, No. 15 Cr. 769, ECF No. 771 (internal citation and quotation marks omitted)); *see also United States v. Delgado*, 457 F. Supp. 3d 85, 89–90 (D. Conn. 2020) (granting compassionate release to an incarcerated person who suffers from obesity and sleep apnea); *United States v. Scparta*, No. 18 Cr. 578, 2020 WL 1910481, at *9 (S.D.N.Y. Apr. 20, 2020) (granting compassionate release to an incarcerated person who "suffers from hypertension, sleep apnea, high blood pressure, and high cholesterol"). The same justifications apply here.

Accordingly, the Court finds that Ramos has demonstrated extraordinary and compelling reasons justifying his release.

II.    Section 3553(a) Factors

The Court also finds that the factors listed in § 3553(a) do not outweigh the extraordinary reasons justifying release.  The crimes Ramos committed, as this Court acknowledged at his sentencing, were serious.  ECF No. 29, at 11:8–9.  However, this Court recognized that Ramos "very quickly" accepted responsibility, as reflected in his plea of guilty, and that any prior criminal conduct was fifteen years old.  *Id.* 11:10–16.  Further, he had an "outstanding" work history prior to sentencing.  *Id.* 12:16.  Because Ramos had dropped out of school in eighth grade, the Court directed him to participate in educational courses to improve his reading and writing skills, ECF No. 29, at 12:1–3, 13:6–7; Ramos has obtained his G.E.D.  Def. Letter at 5.  In addition, Ramos has maintained a clean disciplinary record.  Def. Letter at 5.  Given his obvious self-discipline, the Court is persuaded Ramos will obey the terms of his home confinement.

Moreover, Ramos has served over three-quarters of his sentence, reflecting the seriousness of his crimes and serving as a deterrent against future criminal acts.  And Ramos' offense was not one of violence; though he possessed a gun, there is no evidence that he discharged it or used it to threaten others.  Gov't Letter at 1.  Moreover, the Court rejects the Government's argument that offenses committed by Ramos over fifteen years ago outweigh the imminent and extraordinary risk COVID-19 poses to someone in Ramos' unique health condition.

**CONCLUSION**

For the reasons stated above, Ramos' motion for a reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A) is GRANTED.  Ramos shall serve the remainder of his

5

sentence, which shall conclude on September 23, 2021, on home confinement.  Ramos shall be released immediately to begin his home confinement.

The Clerk of Court is directed to terminate the motion at ECF No. 33.

SO ORDERED.

Dated: November 4, 2020
      New York, New York

_____
ANALISA TORRES
United States District Judge